JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-1093-RGK (SSx) | Date | February 10, 2011 |
|---|---|---|---|
| Title | *OSCAR PEREZ v. RUAN LOGISTICS CORP. and FERNANDO KUMPELL* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

On December 29, 2010, Oscar Perez ("Plaintiff") filed suit against Ruan Logistics Corp.("Ruan") and Fernando Kumpell (collectively, "Defendants"). Plaintiff served his Complaint on Ruan on January 6, 2011. In his Complaint, Plaintiff asserts state claims for (1) wrongful termination in violation of public policy; (2) violation of Labor Code § 1102.5; (3) violation of Labor Code § 1050; and (4) defamation.

On February 4, 2011, Defendant removed the action to this Court alleging jurisdiction based on federal question and diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

**A.     Federal Question**

Ruan states that the action arises under federal law because Plaintiff's claims create substantial federal questions that are central to the dispute. Ruan further argues that construction of those federal questions necessarily determines the outcome of the claims. The Court disagrees.

Plaintiff's claims arise from allegations that he was retaliated against for whistle-blowing activities involving federal regulations. The resolution of these claims do not require a determination of federal laws. Specifically, whether Defendant did or did not violate federal regulations has no bearing on whether Defendant retaliated against Plaintiff for engaging in protected activity. Therefore, Ruan's removal of this action based on federal question jurisdiction is improper.

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the

case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

Based on the face of the Complaint, Plaintiff has alleged a claim for defamation against both Ruan and Fernando Kumpell, who Plaintiff alleges is a California citizen. Defendant argues that Kumpell is a sham defendant because Plaintiff fails to allege facts sufficient to state a claim for relief against Kumpell. However, this is not the standard for determining whether a named party is a sham defendant. While Plaintiff's claim for defamation against Kumpell may not survive a motion to dismiss based on Rule 12(b)(6) principles, this alone does not indicate that Kumpell was fraudulently joined.

As to the amount in controversy requirement, Ruan fails completely to introduce evidence sufficient to satisfy its burden of proof.

In light of the foregoing, the Court **remands** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |